UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>                                   Debtor, | Chapter 7<br><br><br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden<br>*fka* Tashanna B. Pearson on behalf of herself and all others similarly situated,<br><br>                                   Plaintiffs,<br><br>              v.<br><br>Discover Bank<br><br>                                   Defendant. | <br><br><br><br><br>Adv. Pro. No. 20-1051 (ESS) |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS CLASS ALLEGATIONS

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES......................................................................................................i

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS.......................................................................................................1

ARGUMENT............................................................................................................................2

I.      This Court Should Deny the Motion to Compel Arbitration .............................................2

II.     This Court Should Deny Defendant's Motion to Dismiss the National
        Class Allegations ...........................................................................................................3

        A.      This Court has Subject Matter Jurisdiction ...........................................................4

        B.      The Supreme Court Mandates that Courts Exercise Their Subject Matter
                Jurisdiction .......................................................................................................5

        C.      It Is Appropriate for the Court to Exercise Nationwide Jurisdiction Because
                of the Uniformity of the Discharge Order and the Application of § 524 ...............7

        D.      This Court Should Not Follow the Fifth Circuit's Decision in *Crocker*...............13

        E.      This Court Should Not Follow the dicta in the Court in *Belton* ...........................17

CONCLUSION.......................................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Alderwoods Group, Inc. v. Garcia*,
  682 F.3d 958 (11th Cir. 2012) ................................................................. 15

*Anderson v. Credit One Bank, N.A. (In re Anderson)*,
  884 F.3d 382 (2d Cir.), *cert. denied*, _____ U.S. _____, 139 S.Ct. 144 (2018) ........................ 2, 18

*Bank United v. Manley*,
  273 B.R. 229 (N.D. Ala. 2001) ................................................................. 4

*Belton v. GE Capital Retail Bank*,
  961 F.3d 612 (2d Cir. 2020) .......................................................... 2, 3, 17, 18

*Bessette v. Avco Financial Services, Inc.*,
  230 F.3d 439 (1st Cir. 2000) ......................................................... 10, 11, 16

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ................................................................................. 9

*Cohens v. State of Virginia*,
  19 U.S. 264 (1821) ................................................................................. 6

*Colorado River Water Conservation Dist. v. U. S.*,
  424 U.S. 800 (1976) ............................................................................... 5

*Crocker v. Navient Solutions, LLC, (In re Crocker)*,
  941 F.3d 206 (5th Cir. 2019) .......................................................... passim

*Golden v. JP Morgan Chase (In re Golden)*,
  596 B.R. 239 (Bankr. E.D.N.Y. 2019) ................................................. 17

*Golden v. JP Morgan Chase Bank (In re Golden)*,
  587 B.R. 414 (Bankr. E.D.N.Y. 2018) ................................................. 2

*Grey v. Petroseed Inc.*,
  985 F. Supp. 625 (D. S.C. 1996) .......................................................... 5

*Henry v. Educational Financial Service (In re Henry)*,
  944 F.3d 587 (5th Cir. 2019) ................................................................. 2

*Hilton v. Wright*,
  235 F.R.D. 40 (N.D.N.Y. 2006) .............................................................. 8

*In re Beck*,
  283 B.R. 163 (Bankr. E.D. Pa. 2002) ...................................................... 12

*In re Brizinova*,
  565 B.R. 488 (Bankr. E.D.N.Y. 2017) ................................................... 10

*In re Cano*,
  410 B.R. 506 (S.D. Tex. 2009) ................................................................ 4

*In re Cline*,
  282 B.R. 686 (W.D. Wash. 2002) ........................................................... 12

*In re Harris*,
  280 B.R. 876 (Bankr. S.D. Ala. 2001) ..................................................... 4

*In re Haynes*,
  2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014) ...................................... Passim

*In re Krause*,
  414 B.R. 243 (S.D. Ohio 2009) ................................................................ 4

*In re Noletto*,
  244 B.R. 845 (S.D. Ala. 2000) ................................................................. 4

*In re Patrick*,
  344 B.R. 56 (Bankr. M.D. Pa. 2005) ........................................................ 4

*In re Polaroid ERISA Litig.*,
  240 F.R.D. 65 (S.D.N.Y. 2006) ............................................................... 8

*In re Rojas*,
  2009 WL 2496807 (Bankr. S.D. Tex. Aug. 12, 2009) ........................................ 4, 9

*In re Sheffield*,
  281 B.R. 24 (Bankr. S.D. Ala. 2000) ........................................................ 4

*In re Sims*,
  278 B.R. 457 (Bankr. E.D. Tenn. 2002) .................................................... 4

*Ins. Co. of N. Am. v. NGC Settlement Tr. & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypum Co.)*,
  118 F.3d 1056 (5th Cir. 1997) ................................................................ 2

*Kindle v. Dejana,*
  315 F.R.D. 7 (E.D.N.Y. 2016) ................................................................ 7

*Lexmark Intern., Inc. v. Static Control Components, Inc.,*
  572 U.S. 118 (2014) ............................................................................... 6

*New Orleans Public Service, Inc. v. Council of City of New Orleans,*
  491 U.S. 350 (1989) ............................................................................6, 7

*Quackenbush v. Allstate Ins. Co.,*
  517 U.S. 706 (1996) ............................................................................... 6

*Smith v. Woosley,*
  399 F.3d 428 (2d Cir. 2005) ................................................................ 13

*United Steel, Paper and Forestry, Int'l Union v. Kelsey-Hayes Co.,*
  290 F.R.D. 77 (E.D. Mich. 2013) .......................................................... 8

*Vick v. NCO Financial Systems, Inc.,*
  2010 WL 1330637 (E.D. Tex. M.J., March, 15, 2010) .......................... 9

*Walls v. Wells Fargo Bank, NA.,*
  262 B.R. 519 (Bankr. E.D. Cal. 2001) ................................................ 11

*Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn),*
  609 F.3d 748 (5th Cir. 2010) ............................................................... 16

## **Statutes**

11 U.S.C. § 105 ..............................................................................9, 10, 11

11 U.S.C § 362 ..................................................................................... 10

11 U.S.C § 524 ................................................................................passim

11 U.S.C § 524(c) ................................................................................... 2

11 U.S.C § 727 ....................................................................................... 4

28 U.S.C. § 157 ...................................................................................... 4

28 U.S.C. § 1334(b) ............................................................................... 4

28 U.S.C. § 1334(e) ............................................................................... 5

**<u>Rules</u>**

Federal Rule of Bankruptcy Procedure 7023 ............................................................4, 14

Federal Rule of Civil Procedure 1 ........................................................................... 12

Federal Rule of Civil Procedure 65........................................................................... 9

Federal Rule of Civil Procedure 23........................................................................... 4

Federal Rule of Civil Procedure 23(b)(1)................................................................... 8

Federal Rule of Civil Procedure 23(b)(1)(A) ..........................................................7, 8

**<u>Other Authorities</u>**

*Closing Consumer Bankruptcy's Enforcement Gap*,
  69 Baylor Law Review, 480 (2017) ...................................................................... 12

*Class Actions for Post-Petition Wrongs: National Relief Against National Creditors,*
  Am. Bankr. Inst. J. March 2003 ........................................................................... 10

*The Debtor Class*,
  88 Tul. L. Rev. 21 (2013) .................................................................................... 10

Plaintiff Tashanna Golden submits this Memorandum of Law in Opposition to Defendant Discover Banks ("Defendant") Motion to Compel Arbitration or, in the Alternative, to Dismiss Class Allegations.

## PRELIMINARY STATEMENT

Defendant's Motion to Compel Arbitration should be denied because it is clearly governed by well-established case law in this circuit which Defendant, in fact, acknowledges.

Defendant's Alternative Motion to Dismiss the Class Allegation should be denied because this Court clearly has jurisdiction to declare that Defendant's continued collection on loans discharged in bankruptcy is a violation § 524 of the Bankruptcy Code. There is no reason why hundreds of bankruptcy judges in 94 districts all need to decide the exact same legal issue, thereby exposing the class and Defendant to inconsistent decisions.

## STATEMENT OF FACTS

During the 2006-2007 academic year, Plaintiff Tashanna Golden attended the University of Pennsylvania Law School ("Penn"). The published Cost of Attendance at Penn during that year was $53,500. During this academic year, Ms. Golden borrowed $27,500 from the federal government in student loans and received another $22,440 in scholarships and grants. Thus, Ms. Golden was entitled to borrow an additional $3560 in qualified education loans (the sum of the two loans was $3,560 less than the cost of attendance at Penn). Ms. Golden borrowed an additional $11,340 on August 25, 2006 from Defendant. Thus, Defendant's loan exceeded the published Cost of Attendance and was not a qualified educational loan under § 523(a)(8)(B). Complaint (Dkt. 1) at ¶¶ 22-26.

On February 29, 2016, Ms. Golden filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

Ms. Golden properly listed on Schedule E/F certain "student loans" to Defendant that were in excess of Penn's Cost of Attendance for the 2006-2007 academic year. The aggregate amount then due and owing on those loans prior to discharge was $13,372. On or about August 3, 2016, this Court ordered a discharge order in Ms. Golden's bankruptcy proceeding. On or about August 5, 2016, all creditors, including Defendant, received notice of discharge. Ms. Golden did not enter into an agreement under § 524(c) of the Bankruptcy Code. Defendant did not file an adversary proceeding to contest discharge of Ms. Golden's debt to Defendant. *Id*. at ¶¶ 28-29; 31-32.

Instead of treating her debt to Defendant as discharged, Defendant and its agents resumed collection efforts after the discharge was entered and fraudulently informed Ms. Golden that her loan was not discharged and accepted payment. *Id*. at ¶ 33.

Ms. Golden brings this proceeding on her behalf and on behalf of class of similarly-situated individuals whose loans were discharged in bankruptcy but who have been subject to collection by Defendant and those acting in concert with it.

## <u>ARGUMENT</u>

**I.      This Court Should Deny the Motion to Compel Arbitration.**

It is now well-established by the Court of Appeals and by this Court that a proceeding to declare a creditor's conduct in violation of the discharge order and § 524 of the Bankruptcy Code should not be referred to arbitration. *See Belton v. GE Capital Retail Bank*, 961 F.3d 612 (2d Cir. 2020); *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), 884 F.3d 382 (2d Cir.), *cert. denied*, ____ U.S. ____, 139 S.Ct. 144 (2018); *Golden v. JP Morgan Chase Bank* (*In re Golden*), 587 B.R. 414 (Bankr. E.D.N.Y. 2018); *and see Henry v. Educational Financial Service* (*In re Henry*), 944 F.3d 587 (5th Cir. 2019); *Ins. Co. of N. Am. v. NGC Settlement Tr. & Asbestos Claims Mgmt. Corp.* (*In re Nat'l Gypum Co.*), 118 F.3d 1056 (5th Cir. 1997).

Plaintiff will not burden the Court with all the arguments as to why arbitration is not appropriate here since the Court is very much familiar with those arguments, all of which are dealt with in its own decision and in the *Anderson* and *Belton* decisions. Nothing Defendant cites in its Memorandum of Law should change the result here. Indeed, every argument made by Defendant has been rejected in the above-cited decisions.

## II.    This Court Should Deny Defendant's Motion to Dismiss the National Class Allegations.

Plaintiff asserts causes of action for declaratory, injunctive and monetary relief under the Bankruptcy Code and seeks to enforce its action as a class under Bankruptcy Rule 7023. There are several reasons why this class action should be allowed to proceed.

First, this Court clearly has subject matter jurisdiction over a national class.

Second, the Supreme Court admonishes that courts having subject matter jurisdiction have a duty to exercise that jurisdiction except in very little circumstances. This case is not one of those exceptions.

Third, this Court should exercise nationwide jurisdiction because the legal and factual issues are the same with regard to the entire national class and it is appropriate for this Court to issue a declaratory judgment as to whether Discover's conduct, as applied to the entire class, violates the statutory injunction of § 524 and the standard discharge order.

Fourth, this is not a case where the Court needs to interpret a carefully crafted order of another court. In this case, the terms of the statutory injunction are the same for each case as are the terms for the standard discharge order.

Fifth, this Court should not follow either the decision in *Crocker v. Navient Solutions, LLC*, (*In re Crocker*), 941 F.3d 206 (5th Cir. 2019) or the dicta in *Belton* which was made without the benefit of any briefing on any class action issue.

A.    **This Court has Subject Matter Jurisdiction.**

There can be no doubt that this Court has subject matter jurisdiction over Plaintiff's core bankruptcy claims.  Subject matter jurisdiction here is provided by 28 U.S.C. § 1334(b) which gives the district court's jurisdiction over all civil proceedings arising under Title 11.  The enforcement of the discharge injunction here is a core bankruptcy matter that arises under 11 U.S.C §§ 727, 524 and 105.  Once federal subject matter jurisdiction is proper in the district court as to a core bankruptcy matter arising under the Bankruptcy Code, subject matter jurisdiction is proper in the bankruptcy court to which the matter is referred under 28 U.S.C. § 157.

Moreover, subject matter jurisdiction is not lost or limited merely because the action is brought as a class action.  Class action proceedings are expressly allowed in the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Bankr. P. 7023 ("Rule 23 F. R. Civ. P. applies in adversary proceedings").  *See In re Rojas*, No. 09-07003, 2009 WL 2496807, at *1 (Bankr. S.D. Tex. Aug. 12, 2009) ("[N]othing in the jurisdictional statute limits the District Court's subject matter jurisdiction (and by extension, the matters that can be referred to the bankruptcy judges) to claims filed by debtors with bankruptcy cases pending in this District.").[1]

Such subject matter jurisdiction is confirmed by the fact that both the bankruptcy court and the district court in three § 524 class actions in this Circuit have already approved of nationwide settlements.  *See Haynes v. Chase*, 7:18-cv-03307-VB (S.D.N.Y. Sept. 27, 2018), at Dkt. 9-1; 13-cv-08370-RDD (Bankr. S.D.N.Y. Sept. 27, 2018), at Dkt. 133, *Echevarria v. Bank of America*,

---

[1] Numerous courts have approved national class actions in bankruptcy court.  *See, e.g., In re Jones*, 16-03235 (Dkt. 44) (S.D. Tex. May 19, 2017), attached hereto as Appendix A; *In re Cano*, 410 B.R. 506, 543-55 (S.D. Tex. 2009); *In re Krause,* 414 B.R. 243, 252-56 (S.D. Ohio 2009); *In re Patrick,* 344 B.R. 56, 60 (Bankr. M.D. Pa. 2005); *In re Sims,* 278 B.R. 457, 485-89 (Bankr. E.D. Tenn. 2002); *Bank United v. Manley,* 273 B.R. 229 (N.D. Ala. 2001); *In re Harris,* 280 B.R. 876 (Bankr. S.D. Ala. 2001); *In re Noletto,* 244 B.R. 845 (Bankr. S.D. Ala. 2000); *In re Sheffield,* 281 B.R. 24 (Bankr. S.D. Ala. 2000).

7:17-cv-08026-VB (S.D.N.Y. March 14, 2018) at Dkt. 23; 14-08216-RDD, at Dkt. 121 and *Anderson v. Capital One*, 19-cv-3981-NSR (S.D.N.Y. Sept. 11, 2019) at Dkt. 20; Adv. Pro. No. 15-8342-RDD (Bankr. S.D.N.Y. April 25, 2019) at Dkt. 95. These settlements could not be approved if the bankruptcy court did not have jurisdiction to adjudicate a nationwide class.

While bankruptcy court jurisdiction is often founded on "related to" jurisdiction over the in rem debtor's estate, and only one court should administer that in rem estate, that is not the only basis for jurisdiction. As Judge Drain explained in *In re Haynes*, actions under 11 U.S.C. §§ 524 and 727 are concerned with prohibiting the collection of in personam debts and have nothing to do with the debtor's estate or in rem jurisdiction. *In re Haynes*, 2014 WL 3608891, at \*6-7 (Bankr. S.D.N.Y. July 22, 2014).

Similarly, bankruptcy jurisdiction founded on 28 U.S.C. § 1334(e), which states that the court where a case is commenced has exclusive jurisdiction over the "debtor's property" and "estate", is not implicated here. "Again, however, the present class action does not involve a debtor's interests in property or property of the estate. . . . It is an action to enforce the discharge, that is, to protect a statutory right prohibiting collection of in personam claims against the members of the debtor class that arose pre-bankruptcy." *In re Haynes*, 2014 WL 3608891, at \*7.

The question of whether this Court should entertain a nationwide class and thereby enforce the discharge orders of other courts is not a question of jurisdiction. *See Grey v. Petroseed Inc.*, 985 F. Supp. 625, 632-34 (D. S.C. 1996) (question of whether contempt of a court order can be adjudicated by another court is a question of comity, not subject matter jurisdiction.).

### B.    The Supreme Court Mandates that Courts Exercise Their Subject Matter Jurisdiction.

Once there is jurisdiction, federal courts have a "virtually unflagging obligation to exercise it*." Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976). A refusal to

exercise subject matter jurisdiction has been described as a violation of the separation of powers and a usurpation of legislative authority, and characterized by the Supreme Court as "treason to the Constitution." *Cohens v. State of Virginia*, 19 U.S. 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution."). In short, "the courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989).

Because federal courts are duty-bound to exercise their subject matter jurisdiction, there are very few circumstances when the federal court should not carry out its duty. Defendant contends that this Court should not exercise its duty to adjudicate this case on a nationwide class basis due to a prudential rule that purports to curtail this Court's exercise of its subject matter jurisdiction. The Supreme Court, however, has explicitly prohibited limiting the exercise of subject matter jurisdiction on prudential grounds. *Lexmark Intern., Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 128 (2014) ("Just as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied, it cannot limit a cause of action that Congress has created merely because 'prudence' dictates.").

As the law stands today, lower courts can avoid issues of subject matter jurisdiction in only two instances: where a case can be disposed of on non-merits, threshold grounds, such as personal jurisdiction or *forum non conveniens*, or under one of the Supreme Court's "carefully defined" abstention doctrines. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716–17 (1996) (discussing the various abstention doctrines available where parallel state court proceedings create

problems of federalism).  Otherwise the federal court must exercise its subject matter jurisdiction.

*New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358–59 (1989)

("When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it

is its duty to take such jurisdiction . . .[t]he right of a party plaintiff to choose a Federal court where

there is a choice cannot be properly denied.").

Defendants have not shown that any of the limited circumstances for not exercising subject

matter jurisdiction exist here.

### C.      It Is Appropriate for the Court to Exercise Nationwide Jurisdiction Because of the Uniformity of the Discharge Order and the Application of § 524.

Since this Court clearly has subject matter jurisdiction, there is no reason this Court should

not exercise it.  Not only are the legal and factual issues the same for the entire class but relegating

class members to individual cases would defeat one of the key purposes of class actions:  avoiding

inconsistent, individual adjudications and incompatible standards of conduct for how a defendant

should treat similarly-situated class members.  *See* Rule 23(b)(1)(A).

Because the issues before the Court are common legal questions that are the same for the

entire class, they should be answered the same for everyone in the class.  It makes no sense to ask

hundreds of judges in 94 separate districts to answer the very same questions.   Separate

adjudications could result in some loans being declared discharged and other loans, under virtually

identical facts, and under the same bankruptcy code provisions, being declared nondischargeable.

Some courts may hold that the exact same loans are discharged, and others may not, or that debtors

are entitled to restitution and others may not.  In such a situation, Defendant would not have any

clear guidance as to how to treat its entire portfolio.

Courts routinely certify classes where a defendant is obligated to treat similarly-situated

individuals in the same manner.  *See Kindle v. Dejana*, 315 F.R.D. 7, 12 (E.D.N.Y. 2016)

(certifying class under Rule 23(b)(1)(A) where individual participants in a stock ownership plan challenged investments made by the trustee: "absent class certification, there is a legitimate risk that individual plaintiffs could obtain inconsistent dispositions resulting in incompatible standards of conduct for defendants, 'precisely the problems Rule 23(b)(1) was intended to avoid.'" (quoting *In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 78 (S.D.N.Y. 2006) (internal quotations and citations omitted)); *see also United Steel, Paper and Forestry, Int'l Union v. Kelsey-Hayes Co.*, 290 F.R.D. 77, 82 (E.D. Mich. 2013) (holding that union members and former employees could bring a class action challenging the employer's obligation under a collective bargaining agreement to provide lifetime health benefits to plaintiffs: "defendants could be subject to incompatible standards of conduct—paying the full cost of benefits for some plaintiffs but not for others.") (internal citations omitted); *Hilton v. Wright*, 235 F.R.D. 40, 53 (N.D.N.Y. 2006) (certifying class of prisoners challenging medical treatment by the Department of Corrections, noting that the class members are scattered throughout New York and "individual cases would inevitably be brought in a variety of state and federal courts, where there is a definite possibility of inconsistent results.").

In each of these cases, the class members all shared the exact same legal status vis-à-vis the defendant, and it would have been incongruous to allow the possibility of separate courts coming to different conclusions with regard to people in identical factual situations. The same is true here.

The purported rationale for requiring the judge that issued an injunction to be the one who enforces it should not apply to a declaration as to the scope of § 523(a)(8) and whether Defendant's actions violate the statutory injunction of § 524. Statutory injunctions are fundamentally different from other specific, judge-crafted injunctions or orders and bankruptcy courts do not lack subject matter jurisdiction to enforce them. *In re Haynes*, 2014 WL 3608891 at *6-9 (Drain, B.J.); *see*

*also Vick v. NCO Financial Systems, Inc*., 2010 WL 1330637, at \*3 (E.D. Tex. M.J., March, 15, 2010) (allowing nationwide class to enforce § 524 injunction), *report and recommendation affirmed*, 2010 WL 1328830 (E.D. Tex. March 30, 2010); *In re Rojas*, 2009 WL 2496807 at \*10 (allowing nationwide class in contempt proceedings). *Echevarria v. Bank of America Corp*., Case No. 14-08216 (RDD) (April 14, 2015) (Dkt. 83) (Drain, B.J.).

While it is true that judges have inherent power to control their cases and proceedings and to sanction behavior that interferes with their lawful orders, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991), this case is not seeking contempt for violation of a judge-crafted order. This case seeks a declaration that Defendant's loans are not within the scope of § 523(a)(8) and that Defendant's acts of collections therefore violate § 524, a statutory injunction. As was explained by Judge Drain in *Haynes*:

> There is, however, a fundamental difference between the normal injunction issued by a court after considering the factors required to be applied in issuing an injunction order and the injunction created by Congress in § 524(a) to support the discharge under § 727 of the Bankruptcy Code.

*In re Haynes*, 2014 WL 3608891, at \*8.

Moreover, the discharge orders in this case are not unique to any particular judge and the power to enforce them comes from 11 U.S.C. § 105. The discharge orders at issue are made on identical standardized forms that are used for all debtors nationwide. *Id*. at \*8 ("It is not a handcrafted order"). And because the discharge orders are statutorily created, a debtor seeking to enforce them need not establish the factors ordinarily required for an injunction under Rule 65. *Id*. ("By statute, in 524(a)(2), it operates as an injunction. For the discharge injunction to be granted, the debtor does not have to prove the factors required for an injunction under Federal Rule of Civil

Procedure 65.").[2]  All that is required is to show that the debt was subject to discharge and not specifically declared to be non-dischargeable.  *Id.*

Indeed, in *In re Brizinova,* 565 B.R. 488 (Bankr. E.D.N.Y. 2017), this Court specifically recognized the important distinction between individually-crafted court orders and "purely statutory" orders.  In *Brizinova,* a claim for sanctions arose from statements made in a motion to dismiss that arguably violated an order issued in a different court.  This Court noted the general rule that judge-specific orders be enforced by the issuing judge (and ultimately ruled that the judge-specific order in *Brizinova* follow that rule), but contrasted other situations in which more general enforcement would be acceptable.  Specifically, this Court stated:

> That is not to say that it is never appropriate for one judge to enforce an order that was entered by another judge in a different case.  For example, in the bankruptcy context, courts may distinguish between whether they are asked to enforce a "purely statutory order" such as the automatic stay contained in Bankruptcy Code § 362 or the discharge injunction set forth in Bankruptcy Code § 524, on the one hand, and an injunction individually crafted by the bankruptcy judge, on the other.

*Id.* at 503 (citations omitted).

The First Circuit followed the same reasoning in *Bessette v. Avco Financial Services, Inc.,* 230 F.3d 439 (1st Cir. 2000), when it ruled claims for violations of discharge injunctions under §

---

[2] This reasoning is consistent with scholarly analysis on the issue.  For example, then-professor Elizabeth Warren and Jay L. Westbrook also take the position that contempt of a statutory injunction must be treated differently than contempt of a local court order when considering the jurisdiction to enforce such orders.  They criticize cases that limit redress for statutory injunctions to the "issuing court" because, in effect, there is no issuing court.  Elizabeth Warren & Jay L. Westbrook, Class Actions for Post-Petition Wrongs: National Relief Against National Creditors, Am. Bankr. Inst. J. March 2003, at 14, 46-47.  *See also* Kara Bruce, The Debtor Class, 88 Tul. L. Rev. 21, 25,71-74 (2013) (surveying the law and concluding that "courts generally should not hesitate, on jurisdictional grounds, to certify nationwide classes of consumer debtors asserting violations of bankruptcy law" and that rather than limiting § 524 contempt cases to the issuing court, a "court may instead (1) interpret § 524 to provide an implied right of action to enforce its violation, (2) interpret § 105 to permit nationwide class relief for discharge-injunction violations, or (3) find that the limitations on judicial contempt power do not apply with equal force for statutory injunctions.").

524 could be brought as a nationwide class. *Bessette* found that § 105 empowered the district court to exercise its equitable powers to facilitate the implementation of other Bankruptcy Code provisions and noted the important distinction between statutory and inherent powers. *Id.* at 445 ("§ 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have" including the power to sanction for contempt.) *Bessette* rejected the argument that only the issuing judge could enforce a discharge injunction. According to the Court:

> Appellant seeks enforcement of the statutory injunction set forth in §524, not one individually crafted by the bankruptcy judge, in which that judge's insights and thought processes may be of particular significance. Thus, few of the practical reasons for confining contempt proceedings to the issuing tribunal apply here.

*Id.* at 446. *See also id.* at 445 (noting the significance of "dealing, as here, with violation of a purely statutory order.")[3]; *Walls* v. *Wells Fargo Bank, NA., 262 B.R. 519, 528 (Bankr. E.D. Cal. 2001) ("The [automatic stay and discharge] injunctions . . . are Code created, statutory injunctions . . . . Their extent does not depend on individual judges for injunctive relief fashioned by individual bankruptcy judges.").

It is also illogical to hold that discharge injunctions can be enforced by other judges within a particular district, but not judges from a different district.  If the rationale for restricting jurisdiction to a district-wide class is that only the judge who issued the order can adjudicate contempt of it, then it makes no sense to allow judges in the same district to enforce discharge injunctions issued by other judges within the district.  In other words, why would a district-wide class be permissible to adjudicate § 524 claims, but a nationwide class be impermissible?  Both seemingly run afoul of the rationale that only the judge who issued the order can adjudicate

---

[3] Although on remand, the district court only certified a district-wide class, it is clear that the Court of Appeals intended that its reasoning apply to a national class.

contempt of it. *See In re Haynes,* 2014 WL 3608891, at *9 (rejecting the district-wide approach and finding nationwide jurisdiction for enforcement of discharge injunctions).[4]

Even if there is a prudential rule that can limit the exercise of subject matter jurisdiction in certain circumstances, the Court should not exercise its discretion to do so here. Issues of equity and the "just, speedy, and inexpensive determination of every action and proceeding" support allowing a nationwide class here. Fed. R. Civ. Pro. 1.

As this Court recently suggested at a hearing in another proceeding for contempt under § 524, requiring 94 separate class actions in 94 districts is hardly an appropriate way to expedite litigation. *Ajasa v. Wells Fargo Bank* (*In re Ajasa and Lopez*), Case No. 1-18-01122 (ESS), Tr. of Feb. 28, 2019 hearing at 52, attached hereto as Appendix B.

As one commentator noted, class actions are a critical component of ensuring that creditors do not abuse the bankruptcy laws on a widespread basis:

> For large institutional lenders and servicers – classic repeat players in the consumer bankruptcy sphere – it can be both convenient and lucrative to bend consumer bankruptcy's statutory provisions and procedural rules. These violations often pass through bankruptcy without redress, either because the parties of the bankruptcy case do not notice that they have occurred, or because the cost to address the problem overshadows the harm it caused.

Bruce, Closing Consumer Bankruptcy's Enforcement Gap, 69 Baylor Law Review, 480, 482 (2017). Professor Bruce notes that class actions provide debtors with the ability to challenge system-wide abusers like Defendant here. *Id.* at 511-14.

And in a related argument in the companion case of *Golden v. National Collegiate Trust* (*In re Golden*) Case No. 1-17-01005 (ESS) the Court had this to say:

> So what about this problem now? Remember that at the pleading stage you take the allegations as true. You think you're going to disprove them but I have to take

---

[4] Some of the cases that take this logically inconsistent position include: *In re Cline*, 282 B.R. 686 (W.D. Wash. 2002); *In re Beck*, 283 B.R. 163 (Bankr. E.D. Pa. 2002).

them as true.  And you're saying that we can't do better than piecemeal litigation?  That even with a federal class action tool that the best we can do, assuming that these allegations are true and that lenders were talking out of both sides of their mouths, assuming the allegations are true - - I'll say it once every 15 seconds for the avoidance of doubt.  Maybe.

And I guess this isn't about whether it feels like the equitable result for the Lenders or the Debtors but I - - I really wonder if that's how the Federal Court process works.  I'm not sure that it is.

April 9, 2018, Tr. at 121, attached hereto as Appendix C.

Indeed, under analogous circumstances, the Second Circuit ruled in favor of allowing a court to enforce the injunctive effect of another district court's judgment where the equities warranted.  In *Smith v. Woosley*, 399 F.3d 428 (2d Cir. 2005) the Court evaluated a statute that seemingly required only the court that issued the judgment to enforce it and to enjoin inconsistent state proceedings.  Yet, the Court held that such a restriction did not divest other federal courts of subject matter jurisdiction to enforce another federal court's order and that equity justified such action in appropriate circumstances.

### D.    This Court Should Not Follow the Fifth Circuit's Decision in *Crocker*.

Defendants rely on the recent Fifth Circuit's decision in *Crocker v. Navient Solutions, LLC* (*In re Crocker*), 941 F.3d 206 (5th Cir. 2019) where the Fifth Circuit had before it both the substantive issue of the scope of § 523(a)(8)(A)(ii) and the question of whether one of two plaintiffs who received a discharge in Virginia could bring a contempt proceeding in the Southern District of Texas, where he now lives, to enforce the discharge order and the injunction of § 524.  The court ruled in plaintiff's favor on the substantive issue, but also said plaintiff could bring his case in the district where he now resides, even if his case was transferred under Bankruptcy Rule 4004(f).  Then, almost in passing, the court noted that its ruling would make a class action seeking to enforce discharges entered in other bankruptcy courts "highly dubious."  941 F.3d at 217.

Respectfully, this Court should not follow *Crocker* for several reasons:

First, the class action issue was not fully briefed before the court.  The subject of the appeal was whether plaintiff could bring his case in Texas rather than Virginia.

Second, the court did not undertake any analysis of the purpose or role of § 7023 of the Bankruptcy Code which expressly allows class actions, in fact, the court did not discuss class actions hardly at all in its opinion.

Third, the court relied upon a change in the bankruptcy law in 1978 which omitted language in a section of the Bankruptcy Act that was the predecessor to Bankruptcy Rule 4004(f).  That previous language specifically allowed an order of discharge to be registered in any other district and provided that such order "may be enforced in like manner as it would be enforced in the original district."  The court said that the omission of this language in the new Code showed a Congressional intent not to allow bankruptcy courts to enforce discharge orders from other districts.  The court cited no legislative history at all that indicated that such was the Congressional intent.

Fourth, the effect of the *Crocker* decision is to invalidate Bankruptcy Rule 4004(f) which specifically allow a party to register a discharge order in another district and seek enforcement of that order as one of the plaintiffs actually did in *Crocker*.  No other court has gone so far as to suggest that Rule 4004(f) is inconsistent with the Bankruptcy Code.

Fifth, the *Crocker* Court relied heavily on the Second Circuit's language in *In re Anderson* to the effect that the Second Circuit "has limited enforcement of discharge injunctions through contempt proceedings to the originating court."  2019 WL 5304619, at *7.  Respectfully, nothing could be further from the truth.  *Anderson* dealt with the question of whether a contempt proceeding brought for violation of discharge orders and § 524 needed to be arbitrated.  In the course of that opinion, the Second Circuit expressly held that the fact that *Anderson* sought to bring

14

a class action did not change the Court's conclusion that arbitration was inappropriate and the Court went on to note that the fresh start to which Anderson and the class members were entitled to was threatened by the Defendants' alleged conduct.

Sixth, the *Crocker* Court relied on the Eleventh Circuit holding in *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958 (11th Cir. 2012) which also did not involve a class of debtors seeking to enforce § 524. In that case, owners of a cemetery that was faced with a state court class action in Florida for failure to keep proper records of the location of the deceased relatives of the plaintiffs, brought a proceeding in bankruptcy court in Florida to obtain a declaration that the Florida state court claims had been discharged in its Delaware bankruptcy. The Eleventh Circuit held that the Florida bankruptcy court did not have jurisdiction and that the matter should be brought in Delaware. The court had no occasion to examine the Congressional intent behind the specific grant of class actions in bankruptcy court, and relied upon § 1334(c) to state that only one court could administer the "property of the estate." The court failed to distinguish between § 1334(c), dealing with property of the estate, and § 1334(b), which gives jurisdiction of "all civil proceedings arising under Title 11, or arising and/or related to cases under Title 11." *See Haynes*, 2014 WL 3608891, at *7. The *Alderwoods* court also stated that "it would wreak havoc on the federal courts to leave enforcement of the injunction order of a bankruptcy court in one district to the interpretive whims of a bankruptcy court in another district." 682 F.3d at 970. As a general proposition, that is certainly true, but that concern does not speak at all to the issue of whether a class action should be allowed under Bankruptcy Rule 7023 where all the members of the class allege the exact same violation of the statutory injunction of § 524 and violation of the standard discharge order.

Seventh, the *Crocker* decision is clearly in tension with an earlier Fifth Circuit decision, *Wilborn v. Wells Fargo Bank, N.A.* (*In re Wilborn*), 609 F.3d 748 (5th Cir. 2010).  In that case, the lower court granted only a district-wide class because that is all the plaintiff sought.  On appeal, the court held that the proposed class did not meet the conditions of Rule 23 but, nonetheless, strongly affirmed the power of the bankruptcy court to entertain a class action involving debtors who filed bankruptcy petitions before other judges.  609 F.3d at 754: "If bankruptcy court jurisdiction is not permitted over a class action of debtors, Rule 7023 is virtually read out of the rules."  Nonetheless, the *Crocker* court gave *Wilborn* short shrift because it held that the only issue that was before the court was a district-wide class rather than a national class, ignoring the underlying logic of the *Wilborn* decision.  2019 WL 5304619, at *3.

Finally, the result in *Crocker*, as a policy matter, is unsupportable.  In effect, the Fifth Circuit is saying that individuals who emerge from bankruptcy with limited means and who move to a new jurisdiction, such as one of the plaintiffs in *Crocker*, must return to the jurisdiction of discharge, and retain counsel in order to bring a proceeding to enjoin a discharge violation—even if the violation occurs in the plaintiff's new place of residence. Thus, even though *Crocker* held that the creditor could not rely on § 523(a)(8)(A)(ii) to justify the collection of thousands of discharged debts, it held that all those thousands of individuals must bring their own individual actions to force the creditor to cease its illegal conduct.  And if any of the debtors has moved, they must make a pilgrimage to the original bankruptcy court, even if it is thousands of miles away. That result in unconscionable.

This Court should decline to follow *Crocker* and should instead follow the logic of *Bessette* and *In re Haynes* and certify a national class in this proceeding.

**E.      This Court Should Not Follow the dicta in the Court in *Belton*.**

Finally, the dicta in *Belton* should not change the result.  As in *Crocker*, the class action issue was not before the Court and was not briefed.  In *Belton*, the Court had before it only the "narrow issue" of whether a proceeding to hold defendants in contempt for violation of the discharge injunction of § 524 and of the discharge order needed to be sent to arbitration.  961 F.3d at 614-15.  The Court reaffirmed its holding in *Anderson* that arbitration was not appropriate. Although the dicta raised questions about the class action status of the case, the Court twice stated that the class action issue was not before the Court.  The Court, therefore, had no occasion to analyze the strength of the reasoning in cases such as *Crocker*; the inappropriateness of having hundreds of judges decide the exact same legal issues; the basis of the bankruptcy court's subject matter jurisdiction over a national class; and the Supreme Court's admonition that federal courts with such jurisdiction are required to exercise it.  If the Court had briefing on the issues, it likely would not have made the unsupported comment questioning whether a bankruptcy court has "jurisdiction to hold a creditor in contempt of another court's order."  961 F.3d at 617.  As explained above, there is no question this Court has such "jurisdiction."

Moreover, the dicta did not consider the fact that contempt is not the only remedy this Court can provide:  it also has jurisdiction to award declaratory relief as to whether these identical loans have, in fact, been discharged. *Golden v. JP Morgan Chase* (*In re Golden*), 596 B.R. 239, 259-60 (Bankr. E.D.N.Y. 2019).

Finally, the dicta stating that permitting a bankruptcy court to adjudicate compliance with another court's order "appears to be in severe tension with *Anderson's* reasoning," 961 F.3d at 617, is itself inconsistent with *Anderson*, where the Court found absolutely no such tension.  Twice the *Anderson* Court specifically noted that the fact that the case was asserted as a nationwide class did not affect its reasoning.  "The fact that Anderson's claim comes in the form of a putative class

action does not undermine this conclusion." *In re Anderson*, 884 F.3d at 390.  And "Finally, we observe that the class action nature of this case does not alter our analysis."  *Id*. at 391.  Obviously if the bankruptcy court did not have the power to adjudicate a nationwide class (either for a lack of subject matter jurisdiction or prudentially) then the Second Circuit could not have allowed the case to proceed on that basis.  Thus, the *Belton* dicta provides no indication as to how the Second Circuit would actually rule on the class action issue when it is properly presented.

## <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in Favor of Arbitration and deny its Alternative Motion to Dismiss the National Class Allegations.

Dated:  August 11, 2020                    Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:      */s/ George F. Carpinello*
         George F. Carpinello
         Adam R. Shaw
         30 South Pearl Street
         Albany, NY  12207
         (518) 434-0600

**SMITH LAW GROUP**
Austin C. Smith, Esq.
3 Mitchell Place, Suite 5
New York, NY  10017

**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
Lynn E. Swanson (admitted *pro hac vice*)
Peter Freiberg (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

**LAW OFFICES OF JOSHUA B. KONS, LLC**
Joshua B. Kons (Ct. Bar No. 29159)
50 Albany Turnpike, Suite 4024
Canton, Connecticut 06019

*Counsel for Plaintiff*